[Cite as *State ex rel. Bertalan v. Hawkins*, 2026-Ohio-2548.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.
GEORGE A. BERTALAN,     :

    :

    Relator,     :

    :             No. 116284

    v.     

    :

THE HONORABLE PAMELA A.
HAWKINS,     :

    Respondent.     :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRITS DENIED
**DATED:** June 26, 2026

---

Writs of Procedendo and Mandamus
Motion No. 595826
Order No. 596419

---

### *Appearances:*

George A. Bertalan, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, *for respondent.*


MICHAEL JOHN RYAN, J.:

{¶ 1} Relator George A. Bertalan seeks writs of procedendo and mandamus ordering respondent Judge Pamela A. Hawkins, as successor to Judge Debra L.

Boros, "to perform a clear legal duty: to rule on multiple properly-filed emergency motions concerning the parent-child relationship and the welfare of minor children."[1] For the reasons that follow, relator's request for relief is moot, respondent's motion for summary judgment is granted, and the request for writs of procedendo and mandamus is denied.

## I. Factual and Procedural Background

{¶ 2} Collectively, the materials attached to the pleadings and dispositive motion set forth the following facts and procedural history. On December 28, 2023, relator and his former spouse were divorced pursuant to a decree entered by the Cuyahoga County Domestic Relations Court in Case No. DR-21-384906. The divorce decree incorporated an agreed parenting plan that set forth the parental rights and responsibilities for the couple's minor children. On April 24, 2025, this court affirmed the final divorce decree. *Bertalan v. Bertalan*, 2025-Ohio-1443 (8th Dist.) ("*Bertalan I*" or "Appeal No. 113619").

{¶ 3} On August 8, 2025, relator filed a motion to vacate the divorce decree pursuant to Civ.R. 60(B). The motion was denied on September 3, 2025, and relator filed a timely appeal with this court in Appeal No. 115533. On May 14, 2026, this court affirmed that trial court's denial of relator's motion to vacate, finding "no abuse of discretion by the trial court." *Bertalan v. Bertalan*, 2026-Ohio-1173, ¶ 9 (8th Dist.) ("*Bertalan II*" or "Appeal No. 115533").

---

[1] Pursuant to Civ.R. 25(D)(1), Judge Pamela A. Hawkins is substituted for Judge Debra L. Boros who was previously assigned to the underlying case.

**{¶ 4}** During the pendency of his appeal in Appeal No. 115533, relator filed a series of motions with the domestic relations court relating to certain aspects of the divorce decree, including the couple's marital property and parenting rights. These motions included the following: (1) August 29, 2025 – emergency motion for temporary restraining order and preliminary injunction; (2) September 12, 2025 – emergency motion to modify parenting plan; (3) September 18, 2025 – supplemental motion to modify parenting plan; (4) September 24, 2025 – motion to compel ruling; (5) September 24, 2025 – motion for enforcement of parenting plan and for sanction; (6) November 5, 2025 – renewed emergency motion to compel; (7) November 29, 2025 – emergency motion to compel plaintiff to comply with parenting plan; (8) January 5, 2026 – motion for reassignment and immediate judicial review; (9) February 4, 2026 – emergency motion for temporary relief; (10) February 27, 2026 — emergency motion to compel immediate ruling and restore parenting time.

**{¶ 5}** On November 6, 2025, the trial court issued a judgment entry, finding it was without jurisdiction, pending the appeal in Appeal No. 115533, to resolve the motions filed by the relator on August 29, September 12, September 18, September 24, and November 5, 2025. Subsequently, the trial court issued a similar entry regarding the pending motions filed by the relator on November 29, 2025, and January 5, February 4, and February 27, 2026. Accordingly, all motions were held in abeyance pending the resolution of relator's appeal.

{¶ 6} On March 24, 2026, relator filed the instant petition for writs of procedendo and mandamus, asking this court to compel the trial court to "immediately" rule on his pending motions, or in the alternative, direct "the trial court to exercise its jurisdiction over emergency parenting matters." Relator alleges that the respondent judge "incorrectly" concluded that it lacked jurisdiction to resolve the motions pending appeal. Specifically, relator asserts that the trial court retained jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment from which an appeal was taken in Appeal No. 115533.

{¶ 7} On April 27, 2026, the respondent judge moved to dismiss the original action, arguing the complaint failed to state a claim upon which relief could be granted. Preliminarily, respondent argued that relator's petition was moot because the trial court complied with its legal duty to proceed to judgment by issuing orders holding the pending motions in abeyance. Alternatively, respondent asserted that the trial court correctly determined that it lacked jurisdiction to rule on the pending motions because they directly related to the final divorce decree, which was the subject of the motion to vacate appealed in Appeal No. 115533.

{¶ 8} On May 18, 2026, this court denied respondent's motion to dismiss because it relied on extrinsic evidence that was not publicly available. On May 22, 2026, respondent filed an answer that attached copies of relevant materials from Appeal Nos. 113619 and 115533 and a certified copy of the docket in Case No. DR-21-384906.

{¶ 9} Thereafter, respondent filed a motion for summary judgment pursuant to Civ.R. 56(C). In the motion, respondent noted that during the pendency of this original action, this court resolved relator's appeal in *Bertalan II* and affirmed the trial court's judgment on May 14, 2026. The following day, the domestic relations court issued a judgment entry that scheduled hearings to occur on July 13, 2026, and July 14, 2026. The entry specifies that the hearings are set to resolve each of the pending motions identified in relator's petition for writs of procedendo and mandamus. Respondent argues that by setting a hearing to resolve the pending motions, relator's request for writs of procedendo and mandamus is moot.

{¶ 10} Relator did not file an opposition to respondent's motion for summary judgment.

## II. Law and Analysis

### A. Standard of Review

{¶ 11} Original actions in mandamus and procedendo ordinarily "proceed as any civil action under the Ohio Rules of Civil Procedure." Loc.App.R. 45(D)(2)(c). This case is before this court on respondent's motion for summary judgment.

{¶ 12} Pursuant to Civ.R. 56(C), summary judgment is proper when the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, show that (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds

to a conclusion that is adverse to the nonmoving party. *See Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 13} The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of genuine issues of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party does not satisfy this burden, summary judgment is not appropriate. If the moving party meets the burden, the nonmoving party has a reciprocal burden to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* at 293. Where the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 14} Relevant to this action, it is well settled that "[c]opies of public records properly certified as correct by the custodian under Evid.R. 902(4) are admissible as evidence in support of a summary judgment motion." *Ritchey v. JP Morgan Chase Bank*, 2017-Ohio-8529, ¶ 26 (11th Dist.), citing *Cent. Ohio Neurological Surgeons, Inc. v. Rose*, 1997 Ohio App. LEXIS 4095, *3 (10th Dist. Sept. 11, 1997); *Hubbard v. Defiance*, 2013-Ohio-2144, ¶ 36 (3d Dist.).

### B. Writs of Mandamus and Procedendo

{¶ 15} The writ of mandamus and the writ of procedendo generally serve a similar purpose and the Ohio Supreme Court has treated them both as available remedies. "Although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since '[a]n inferior's refusal or failure to

timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994). Accordingly, we shall treat the complaint as a request for a writ of procedendo. *See State ex rel. Ramirez v. Cuyahoga Cty. Domestic Relations Court,* 2025-Ohio-2601, ¶ 2 (8th Dist.).

{¶ 16} "'A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment.'" *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 7, quoting *State ex rel. Mignella v. Indus. Commn. of Ohio*, 2019-Ohio-463, ¶ 7. "'A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 13, quoting *State ex rel. Culgan v. Collier,* 2013-Ohio-1762, ¶ 7. Such a writ does not instruct the lower court as to what the judgment should be; it merely instructs the lower court to issue a judgment. *Bechtel* at ¶ 7, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is appropriate upon a showing of a clear legal right to require the respondent to proceed, a clear legal duty on the part of the respondent to proceed, and the lack of an adequate remedy in the ordinary course of the law. *Dodson* at ¶ 13; *Bechtel* at ¶ 7.

{¶ 17} It is well settled that "[n]either a writ of procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 15, citing *State ex rel. Bechtel v. Cornachio*,

2021-Ohio-1121, ¶ 9 (procedendo); *State ex rel. Davidson v. Beathard*, 2021-Ohio-3125, ¶ 13 (mandamus).  Thus, "procedendo and mandamus claims become moot when a respondent performs the duty requested to be performed."  *Id.* at ¶ 14, citing *State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 5 (procedendo); *State ex rel. Cox v. Youngstown Civ. Serv. Comm.*, 2021-Ohio-2799, ¶ 22 (mandamus). When resolving issues of mootness, this court may consider facts that arise after a complaint is filed: "In extraordinary-writ cases, courts are not limited to the facts at the time a proceeding is commenced, but should consider facts at the time it determines whether to grant the writ."  *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 11.

{¶ 18} As stated, relator seeks rulings with regard to motions that purportedly have not been ruled upon by the respondent as the result of undue delay.  Regarding the respondent's applicable duty, the Ohio Supreme Court has clarified that setting a matter for hearing renders an action for a writ of procedendo moot.  *State ex rel. Rohrer v. Holzapfel*, 2016-Ohio-7827, ¶ 11; *see also State ex rel. S.Y.C. v. Floyd*, 2018-Ohio-2743, ¶ 11, 13 (8th Dist.); *State ex rel. S.Y.C. v. Floyd*, 2020-Ohio-5189, ¶ 10 (8th Dist.) (applying *Rohrer* to a request for mandamus).

{¶ 19} In this case, the evidence establishes that immediately following this court's judgment in *Bertalan II,* the domestic relations court issued a judgment entry setting a hearing to resolve the relator's outstanding motions in Case No. DR-21-384906.  The record therefore confirms that the respondent judge is acting on the pending motions and that relator has received the relief sought in his petition.

Accordingly, we find this original action is moot based on the court's May 15, 2026 entry. Relator has not opposed the respondent's evidence or otherwise disputed the application of the mootness doctrine.

{¶ 20} Based on the foregoing, we grant respondent's motion for summary judgment and deny relator's request for writs of procedendo and mandamus. Costs assessed against relator; costs waived. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 21} Writs denied.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR